**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| United States of America, ex rel., ) <br> MAURICE CANNON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> MARCUS HARDY, Warden, Stateville ) <br> Correctional Center, ) <br> ) <br> Respondent. ) | Case No. 11 C 2771 |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

On April 26, 2011, pro se Petitioner Maurice Cannon filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d). Before the Court is Respondent's motion to dismiss Cannon's habeas petition as untimely.[1] *See* 28 U.S.C. § 2244(d)(1). For the following reasons, the Court grants Respondent's motion to dismiss. The Court also declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## PROCEDURAL BACKGROUND

Following a 2003 bench trial in the Circuit Court of Cook County, Illinois, the trial court found Cannon guilty of predatory criminal sexual assault of a child, sexual exploitation of a child, and unlawful restraint. Thereafter, Cannon appealed his judgment of conviction, and, on June 27, 2005, the Illinois Appellate Court affirmed his conviction. Cannon then filed a petition for leave to appeal ("PLA") that the Supreme Court of Illinois denied on March 28, 2007.

---

[1] Cannon's response to Respondent's motion to dismiss was due on or before June 13, 2011. To date, Cannon has not filed any such response.

Although Cannon maintains that he filed a petition for a writ of certiorari in the United States Supreme Court that was denied on February 1, 2008, Respondent has confirmed – by checking the Supreme Court docket – that Cannon did not file a petition for writ of certiorari following the resolution of his direct appeal in the Illinois courts. The Court independently verified that Cannon did not file a petition for a writ of certiorari after his direct appeal in the Illinois courts.

On February 13, 2008, Cannon filed a pro se post-conviction petition pursuant to the Illinois Post-Conviction Act, 725 ILCS 5/122-1, *et seq.*, in the Circuit Court of Cook County. On March 28, 2008, the trial court dismissed Cannon's post-conviction petition. Cannon did not file a notice of appeal from that dismissal order. On December 10, 2010, Cannon filed a state habeas corpus complaint pursuant to 735 ILCS 5/10-101, *et seq.*, that the Circuit Court of Cook County dismissed on January 27, 2011. Cannon did not appeal from that ruling.

Cannon signed and dated his habeas petition on April 15, 2011.[2] On April 26, 2011, the Court received Cannon's pro se habeas petition brought pursuant to 28 U.S.C. § 2254(d). Construing his pro se petition liberally, *see Ward v. Jenkins,* 613 F.3d 692, 697 (7th Cir. 2010), Cannon argues that the State's witnesses, including the mother of the seven-year-old victim, Chicago Police Officer Debra Witt, Illinois Department of Child and Family Services Investigator Clifton Woodward, and Dr. Purim-Shem-Tov, were unreliable witnesses and that their testimony was insufficient to prove his guilt beyond a reasonable doubt.

---

[2] Respondent maintains that Cannon does not get the benefit of the mailbox rule because he failed to provide a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement setting forth the date he deposited his habeas petition in the prison mail system. *See* Habeas Rule 3(d); *Ingram v. Jones,* 507 F.3d 640, 643 (7th Cir. 2007). Because Cannon's habeas petition is untimely by well over two years, any such distinction is not necessary to the Court's timeliness determination.

**LEGAL STANDARD**

"AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus." *Wall v. Kholi*, ___ U.S. ___, 131 S.Ct. 1278, 1283, 179 L.Ed. 252 (2011) (citing 28 U.S.C. § 2244(d)(1)(A)); *see also Griffith v. Rednour,* 614 F.3d 328, 329 (7th Cir. 2010). "This period runs 'from the latest of' four specified dates, including":

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Wall,* 131 S.Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(1)(A)-(D)).

**ANALYSIS**

**I.    Timeliness Analysis**

The Court first turns to the date upon which Cannon's judgment became final under 28 U.S.C. § 2244(a)(1)(A). *See Griffith,* 614 F.3d at 320. Cannon's conviction became final on June 26, 2007, which was 90 days after the Supreme Court of Illinois denied his PLA on direct appeal. To clarify, because Cannon did not file a petition for a writ of certiorari to the United States Supreme Court, his conviction became final when the time to file his writ of certiorari expired. *See Morales v. Boatwright,* 580 F.3d 653, 657 (7th Cir. 2009). Thus, the statute of limitations began to run on June 27, 2007.

The one-year limitations period was tolled on February 13, 2008, when Cannon filed his pro se post-conviction petition pursuant to the Illinois Post-Conviction Act. *See Griffith,* 623 F.3d t 1167 (limitations period "tolled for the 'time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'") (quoting 28 U.S.C. § 2244(d)(2)). Accordingly, 231 days of untolled time elapsed from the day Cannon's judgment became final, June 26, 2007, and the day he filed his Illinois post-conviction petition, February 13, 2008.

Meanwhile, the limitations period remained tolled until March 24, 2008, when the trial court dismissed Cannon's post-conviction petition. Because Cannon did not file a notice of appeal of the dismissal of his post-conviction petition, the limitations period began to run again on March 25, 2008. *See Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008); *see also Lawrence v. Florida,* 549 U.S. 327, 332, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007) (ninety day period for filing of petition for writ of certiorari is not tolled after post-conviction proceedings). Because Cannon only had 134 days left, he had until August 6, 2008 to file a timely federal habeas petition pursuant to 28 U.S.C. § 2254(d). The fact that Cannon filed a state habeas corpus complaint on December 10, 2010 pursuant to 735 ILCS 5/10-101, *et seq.,* does not save the day because "a state proceeding that does not begin until the federal year has expired is irrelevant." *DeJesus v. Acevedo,* 567 F.3d 941, 943 (7th Cir. 2009). Accordingly, Cannon's habeas petition is untimely because he filed his habeas petition on April 26, 2011 – well over two years after the August 6, 2008 deadline.

**II.     Habeas Petition**

Even if Cannon had filed his habeas petition in a timely manner, his habeas petition

4

would fail. Specifically, the only claim in Cannon's habeas petition that was properly exhausted and not procedurally defaulted was Cannon's claim that certain trial testimony was unconstitutional pursuant to *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Crockett v. Hulick,* 542 F.3d 1183, 1192 (7th Cir. 2008).

The Supreme Court decided *Crawford* on March 8, 2004 during the pendency of Cannon's direct appeal, and, the Court cannot grant habeas relief unless the state court's decision was contrary to, or an unreasonable application of federal law clearly established by the Supreme Court. *See Williams v. Taylor,* 529 U.S. 362, 402-03, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Brown v. Finnan,* 598 F.3d 416, 421 (7th Cir. 2010). Because the Supreme Court decided *Crawford* approximately a year after Cannon's bench trial and sentencing, the "holding of *Crawford* cannot be considered settled Supreme Court precedent for the purposes of habeas corpus [because] the Supreme Court had not yet decided the case." *Smith v. McKee,* 598 F.3d 374, 387 (7th Cir. 2010). Therefore, any such habeas claim would fail.

### III. Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Cannon a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in this order.

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Sandoval v. United*

*States,* 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El,* 537 U.S. at 336; *Evans v. Circuit Court of Cook County, Ill.,* 569 F.3d 665, 667 (7th Cir. 2009). Under this standard, Cannon must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). In cases where a district court denies a habeas claim on procedural grounds, a COA should issue if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

As the Seventh Circuit has repeatedly held "[w]hether a given petition is timely is a question under § 2244, not under the Constitution, and therefore an error in treating a collateral attack as untimely is not enough to support a certificate of appealability." *Owens v. Boyd,* 235 F.3d 356, 358 (7th Cir. 2000) (collecting cases). Even if the Court were to consider Cannon's habeas claim pursuant to *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), any such claim would fail because *Crawford* was decided after Cannon's trial and sentencing. *See Smith,* 598 F.3d at 387. As such, jurists of reason would not find it debatable that Cannon's petition should have been resolved in a different manner. *See Miller-El*, 537 U.S. at 336; *Slack,* 529 U.S. at 484. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court grants Respondent's motion to dismiss Cannon's habeas petition as untimely. The Court further declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** June 22, 2011

        **ENTERED**

        _____
        **AMY J. STUEVE**
        **United States District Court Judge**